Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada Bar No. 13484
Jessica E. Brown
Nevada Bar No. 14487
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
Attorneys for Defendant,
*Albertson's LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROSE BOCCHIERI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALBERTSON'S LLC, Foreign Limited- ) <br> Liability Company; ALBERSON'S DOE ) <br> MANAGER ("Nicholas"; DOE ) <br> EMPLOYEE; DOES II through X; and DOE ) <br> CORPORATION K through X, inclusive, ) <br> ) <br> Defendants. ) <br> ) | **NOTICE OF REMOVAL** |

Defendant Albertson's LLC ("Defendant"), by and through its counsel of record, BACKUS, CARRANZA & BURDEN, hereby files this instant notice of removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, states as follows:

### I.

### FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff ROSE BOCCHIERI ("Plaintiff") is and was a resident of the State of Nevada; and is therefore a citizen of Nevada for purposes of diversity. *See* Complaint filed in the Eighth Judicial District Court for Clark County, Nevada, at ¶1, attached as **Exhibit A**.

2. Defendant Albertson's LLC is a company organized, existing, and doing business

under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business in the State of Idaho, and is therefore a citizen of Delaware and Idaho for purposes of diversity.

3. Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about October 27, 2021. *Id.*

4. The Summons and Complaint were served on Defendant on November 16, 2021. *Id.*

5. Plaintiff's action alleges that on or about November 5, 2020, she was a patron at an Albertson's grocery store when she slipped on a liquid substance on the floor. *See* Complaint, **Exhibit A** at ¶¶7-10. Plaintiff asserts a cause of action for negligence. *Id*.

6. On January 28, 2022, Plaintiff filed and served a Petition for Exemption from Arbitration in which she claims $84,438.43 in medical damages. *See* **Exhibit B.**

## II.

## DIVERSITY JURISDICTION

7. Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states." *See* 28 § U.S.C. 1332(a).

8. Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to United States District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

9. There is complete diversity in this matter as Plaintiff is a citizen of Nevada and Defendant is a citizen of Idaho and Delaware.

10. On January 28, 2022, Plaintiff filed and served a Petition for Exemption from Arbitration in which she claims $84,438.43 in medical damages. *See* **Exhibit B.**

11. Therefore, it the factors addressed above meet the requisite amount in controversy under 28 U.S.C. § 1332(a)

12. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

13. Defendant respectfully requests this matter be removed to the United States District

2

Court for the District of Nevada.

## III.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. 28 U.S.C. § 1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.)

15. This instant Notice for Removal is timely in that it is filed within 30 days of the first notice that Plaintiff's claimed damages exceed $75,000 via Plaintiff's Petition for Exemption from Arbitration in which she claims $84,438.43 in medical damages. *See* **Exhibit B.**

16. In addition, 28 U.S.C. § 1446(c)(2)(A)(ii) provides that for removal based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy except when the initial pleading seeks a monetary judgment, but the State practice, such as in Nevada, either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

17. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

18. Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this Court.

19. Pursuant to 28 U.S.C. § 1446(c)(1), the date for this removal is not more than one year after the September 6, 2019 commencement of the state court action.

20. Pursuant to 28 U.S.C. § 1446(b)(2)(A), there is only one defendant in this case who filed this instant notice of removal.

21. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

22. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and

orders served upon Defendant in the state court are attached hereto. *See* **Exhibit A;** *see also* **Exhibit B**; *see also* Defendant's Initial Appearance Fee, attached as **Exhibit C**; *see also* Defendant's Answer, attached as **Exhibit D**; *see also* Plaintiff's Demand for Jury Trial, attached as **Exhibit E**.

23. Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to remove this action to this Court.

## **PRAYER**

24. WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada.

DATED January 31, 2022.

> Respectfully Submitted,
> **BACKUS, CARRANZA & BURDEN**
>
> By:  /s/ Jack P. Burden
> Jack P. Burden, Esq.
> Jessica E. Brown, Esq.
> 3050 South Durango Drive
> Las Vegas, NV 89117
> Attorneys for Defendant *Albertson's LLC*

# CERTIFICATE OF SERVICE

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On _____January 31_____, 2022, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| MARCUS A. BERG, ESQ.<br>Nevada Bar No. 9760<br>marcus@mossbergIv.com<br>JOHN C. FUNK, ESQ.<br>Nevada Bar No. 9255<br>john@mossberglv.com<br>MOSS BERG INJURY LAWYERS<br>4101 Meadows Lane, Suite 110<br>Las Vegas, Nevada 89107<br>Telephone: (702) 222-4555<br>Facsimile: (702) 222-4556 | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Anne Raymundo
An employee of BACKUS, CARRANZA & BURDEN

5