

# Service of Process Transmittal
11/16/2021
CT Log Number 540598052

| | |
|---|---|
| **TO:** | Donna Shavers<br>Albertson's LLC<br>PO BOX 160066, 321 MONTGOMERY RD<br>ALTAMONTE SPRINGS, FL 32716-0066 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | Albertson's LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: ROSE BOCCHIERI // To: Albertson's LLC |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # A21843259C |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Carson City, NV |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/16/2021 at 12:24 |
| JURISDICTION SERVED : | Nevada |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 11/17/2021, Expected Purge Date: 11/22/2021 |
| | Image SOP |
| | Email Notification,  Michael McCue  Michael.McCue@safeway.com |
| | Email Notification,  Donna Shavers  donna.shavers@albertsons.com |
| | Email Notification,  Risk Management Group  RM.Claim.Support@Safeway.com |
| | Email Notification,  Carmen Rowland  Carmen.Rowland@safeway.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



# Service of Process Transmittal

11/16/2021
CT Log Number 540598052

**TO:** Donna Shavers
Albertson's LLC
PO BOX 160066, 321 MONTGOMERY RD
ALTAMONTE SPRINGS, FL 32716-0066

**RE:** **Process Served in Nevada**

**FOR:** Albertson's LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Electronically Issued
10/27/2021 12:03 PM

SEI
MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ROSE BOCCHIERI, | CASE NO. A-21-843259-C |
| Plaintiff, | DEPT. NO. |
| v. | |
| ALBERTSON'S, LLC, a Foreign Limited-Liability Company; ALBERTSON'S DOE MANAGER ("Nicholas"); DOE EMPLOYEE; DOES II through X; and ROE CORPORATIONS I through X, inclusive, | **SUMMONS** |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY ONE (21) DAYS. READ THE INFORMATION BELOW:**

## ALBERTSON'S, LLC

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within twenty one (21) days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

1

Case Number: A-21-843259-C

  (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have forty-five (45) days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

DATED this 26th day of October, 2021.

Respectfully Submitted By:

MOSS BERG INJURY LAWYERS

*signature*

MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: *signature*   10/27/2021
  Deputy Clerk     Date

Demond Palmer

2

Electronically Filed
10/27/2021 12:03 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

CASE NO: A-21-843259-C
Department 17

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ROSE BOCCHIERI, <br><br> Plaintiff, <br><br> v. <br><br> ALBERTSON'S, LLC, a Foreign Limited-Liability Company; ALBERTSON'S DOE MANAGER ("Nicholas"); DOE EMPLOYEE; DOES II through X; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | CASE NO. <br> DEPT. NO. <br><br> **COMPLAINT** |

Plaintiff, ROSE BOCCHIERI, by and through her attorneys, MARCUS A. BERG, ESQ., and JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, and for her causes of action against Defendant, hereby alleges as follows:

1. That at all times relevant to these proceedings, Plaintiff, ROSE BOCCHIERI was and is a resident of Clark County, Nevada.

2. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ALBERTSON'S, LLC, (hereinafter referred to as Defendant,

1

"ALBERTSON'S"), was and is a Foreign Limited-Liability Company, organized and existing pursuant to the laws of the State of Nevada, and authorized to do and doing business in Clark County, Nevada as Albertson's #6018, located at 7151 West Craig Road, Las Vegas, Nevada 89129 (hereinafter referred to as "Subject Premises").

3. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ALBERTSON'S DOE MANAGER ("Nicholas") (hereinafter referred to as Defendant, "NICHOLAS"), was and is a resident of Clark County, Nevada.

4. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on Defendant's premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

5. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as ROE CORPORATIONS I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as ROE CORPORATIONS are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on the Subject Premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to

amend her Complaint to insert the true names and capacities of ROE CORPORATIONS I through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

6. That on or about November 5, 2020, Plaintiff was a guest on the "Subject Premises," commonly known as, ALBERTSON'S.

7. At that same time and place, Defendants so carelessly and negligently created, owned, controlled, inspected, and/or maintained the Subject Premises in an unstable and dangerous manner so as to allow a hazardous condition, to exist on Defendants' premises, specifically, a broken glass jar of queso dip, where Defendants' were aware numerous customers would be constantly walking, which, without proper warning of the hazard, caused Plaintiff to slip and fall, and as a proximate result thereof, Plaintiff was seriously injured.

8. That as a direct and proximate result of the Defendants' and/or their employee/agent's negligent acts and/or omissions and/or breach of duty, Defendants' forced Plaintiff to encounter a dangerous condition by creating and/or leaving a broken jar of slippery queso on the floor of Defendants' premises in a designated walkway, thereby causing Plaintiff to slip and fall.

9. Defendants' and each of them, carelessly and negligently failed to warn of a hazard with respect to the Subject Premises, thereby forcing Plaintiff to encounter a dangerous condition on the Subject Premises, resulting in Plaintiff sustaining serious injuries and damages.

10. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff sustained severe and debilitating injuries to her hand, arm and back, among others, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial.

11. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest, and costs.

12. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto in an amount to be determined.

13. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has incurred substantial out-of-pocket expenses, including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

14. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy and limitations associated with her injuries into the foreseeable future.

15. That as a further direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has suffered and continues to suffer a significant deterioration in her enjoyment of life and lifestyle.

16. That Plaintiff has had to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3. Reasonable attorney's fees and costs of suit incurred herein;

4. For a sum to be determined by the trier of fact for loss of enjoyment of life pursuant to Banks v. Sunrise Hosp., 120 Nev. 822, 836 (2004); and

5. For such other and further relief as the Court may deem proper in the premises.

DATED this 22nd day of October, 2021.

          MOSS BERG INJURY LAWYERS

By: _____
MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*